**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**DAVID FERRARA**

**v.** **CA. No. 06- 165 ML**

**A.T. WALL**, et al.

**REPORT AND RECOMMENDATION**

Jacob Hagopian, Senior United States Magistrate Judge

Confined at the Adult Correctional Institution in Cranston, Rhode Island, *pro se* plaintiff David Ferrara filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of his Constitutional rights. In his complaint, plaintiff alleges that he was arrested on May 7, 2004 by the Providence Police Department. Plaintiff asserts that one of the arresting officers requested a photo of the plaintiff from the R.I. Department of Corrections. Plaintiff alleges that the Department of Corrections provided a photo array to the police department. Plaintiff alleges, however, that the photo array singled out the plaintiff, ultimately resulting in his conviction. By way of the instant complaint, plaintiff seeks overturn his conviction and he seeks monetary damages.

Section 1915A of Title 28 of the United States Code directs the Court to review prisoner complaints before docketing or soon

thereafter to identify cognizable claims or dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A; See also 28 U.S.C. § 1915(e)(2). Pursuant to this directive, this Court finds that the instant complaint fails to state a claim upon which relief can be granted for the following reasons:

> (1) To the extent that the plaintiff seeks to be released from custody or to overturn his criminal conviction, a state prisoner has no cause of action under § 1983 to challenge the very fact or duration of his physical imprisonment. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). His sole federal remedy lies in a writ of habeas corpus. Id.
>
> (2) To the extent that plaintiff seeks to recover damages for an allegedly unlawful conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). An inmate's civil rights claim "is barred (absent prior invalidation)- no matter the relief sought ..., no matter the target of the prisoner's suit ...- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74 (2005).
>
> Neither plaintiff's conviction nor his sentence has been invalidated. Success of this action will necessarily call into question the validity of plaintiff's criminal proceedings. Thus, plaintiff may not proceed in this action under Section 1983. See id.

Accordingly, for the reasons set forth above, I recommend that plaintiff's complaint be dismissed. Any objection to this report and recommendation must be specific and must be filed with the Clerk

of Court within ten days of its receipt. FED.R.CIV.P. 72 (b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
April 18, 2006